MARTÍNEZ, PLAINTIFF AND APPELLEE, v. OPPENHEIMER,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action to
Recover Personal Property, Etc.

No. 2709.—Decided May 28, 1923.

COMPLAINT—PLEADING—CONCLUSIONS OF LAW.—When the conclusions of law com-
plement the pleadings they are permissible.
ID.—ID.—REPLEVIN—DAMAGES—JOINDER.—An action for damages for the unlaw-
ful detention of personal property may be joined with an action of replevin
to recover the said property.
ID.—ID.—ID.—Failure to allege the place where the property may be found in
a complaint filed in a district court in an action of replevin does not vitiate
the complaint, particularly when the answer supplies the omission.
ID.—ID.—JUDGMENT—APPEAL.—When the claims of a cross-complaint are utterly
opposed to those of the complaint, the action of the court in sustaining
the complaint with costs may be regarded as an implied dismissal of the
cross-complaint, and the defect may be corrected on appeal by making the
express pronouncement omitted.

The facts are stated in the opinion.
Mr. M. A. Rivera for the appellant.
Mr. C. Brunet for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

Juan Martínez brought an action against Jorge Oppen-
heimer in the District Court of Ponce to recover certain
personal property and damages. The defendant demurred,
answered and filed a counter-claim. The case was tried and
evidence of both parties was examined. Finally the court
rendered judgment against the defendant. He then took
the present appeal, assigning error in his brief as follows:
1, In overruling the demurrer. 2, In permitting the plain-
tiff to amend his complaint. 3, In granting indemnity based
on the amendment. 4, In holding that the property sued for
was unlawfully withheld by the defendant. 5, In not ad-
judging that the plaintiff should pay to the defendant a
certain sum of money that the defendant paid to another

carpenter. 6, In rendering judgment against the defendant. 7, In not ruling on the counter-complaint.

. Let us examine the first assignment of error. In the complaint two causes of action were set up. First it was alleged that the plaintiff was the owner of certain specified personal property and then, in connection with the first cause of action, that the said property was wrongfully de- tained by the defendant, stating also the facts mentioned in section 171 of the Code of Civil Procedure in the language of the statute; and as to the second cause of action it was alleged that by reason of the unlawful detention of the prop- érty the plaintiff had been compelled to cease working at his trade of carpenter and house-mover and suffered the damages claimed.

The argument of the appellant on this assignment of error is confused. He seems to maintain that the complaint does not state a good cause of action (a) because it contains conclusions of law, (b) because under the facts of the case the plaintiff was entitled only to the remedy to which sec- tion 172 of the Civil Code refers and (c) because he did not allege the location of the property.

It is true that if some of the allegations of the com- plaint are examined separately they appear to be mere con- clusions of law, but the said conclusions of law complement the allegations of fact and this is permissible. *Alfaro* v. *Alonso,* 27 P. R. R. 50.

. Section 172 of the Code of Civil Procedure provides that the plaintiff or his attorney *may* thereupon, by an in- dorsement in writing upon the affidavit, require the marshal of the district where the property claimed may be to take the same from the defendant. Therefore, the plaintiff *may* adopt that procedure and the plaintiff here alleges that he did not adopt it because for that purpose the law required security which he could not give, considering his means and his relations. The fact that he so acted does not prevent

him from bringing his fundamental action for the recovery of the personal property if it really belonged to him and the defendant detained it wrongfully, and to take possession of it or receive its value under the final judgment of the court. To the said action an action for damages originating from the unlawful detention may be joined.

The location of the property was not alleged in the complaint, as it should have been. But this defect, which was afterwards cured by the defendant in his answer, did not make the complaint void. District courts are courts of general jurisdiction. By reason of the subject-matter the District Court of Ponce had jurisdiction of this case. If the property was situated outside of its district and the defendants did not reside within the district, the defendant could plead that and move for a change of venue to the proper court.

As regards the second assignment of error, it will suffice to say that the amendment allowed by the court was clearly made for the purpose of harmonizing the complaint with the evidence and was, therefore, permissible under the statute.

The third, fourth, fifth and sixth assignments may be discussed together, for they all refer to the weighing of the evidence.

The district court made the following findings:

"I.—That plaintiff Juan Martínez is the owner of the following personal property:

| | |
|---|---:|
| "One vehicle valued at | $32.00 |
| "Two lifting-jacks | 20.00 |
| "Two lifting-jacks | 40.00 |
| "300 wooden wedges | 9.00 |
| "Six wheels | 75.00 |
| "One chest of carpenter's tools | 17.35 |
| "Three *flechas* | 18.00 |
| "Kitchen utensils | 3.55 |
| "Total | $214.90 |

"II.—That the said described personal property was unlawfully detained by defendant Jorge Oppenheimer from February 3, 1919, to the day of the trial of this case, January 12, 1922.

"III.—That plaintiff Juan Martínez has failed to earn with the said property as carpenter and house-mover during the time they have been unlawfully detained by the defendant a sum of money which the court estimates at $140."

We have examined carefully the evidence introduced by both parties at the trial and after taking into consideration the argument contained in the briefs, we agree with the conclusions of the trial court.

The fact that the court omitted expressly to dismiss the counter-claim is not an error sufficient to justify the reversal of the judgment appealed from. In the counter-claim the defendant alleged that the plaintiff had acted in bad faith in the matter of moving a house of the defendant, damaging the house considerably and leaving the work unfinished, thus causing him damages to the extent of $800. The counter-complaint, therefore, was entirely opposed to the complaint and for this reason when the court sustained the complaint with costs it tacitly dismissed the counter-complaint. It should have done so expressly, but the error, as we have said, does not carry with it the reversal of the judgment. It can be corrected on appeal.

For the foregoing reasons the judgment appealed from should be corrected and, as corrected, affirmed.

*Corrected and affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.